UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Case No.:

| | |
|---|---|
| ENRIQUE BARBALENA and all others<br>similarly situated under 29 U.S.C. 216(B),<br><br>Plaintiff,<br><br>vs.<br><br>LONE STAR FOXHALL, L.L.C.<br>FOXHALL INTERNATIONAL, LLC.<br>ROBERT "BOB" DEVINENI<br>SOHANI SULEMAN<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

## COMPLAINT UNDER 29 U.S.C. 201- 216
## OVERTIME WAGE VIOLATION

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant Foxhall International LLC and LONE STAR FOXHALL, L.L.C.

   are Companies that regularly transact business within Dallas County. Both Defendant "LLCs" operate out of the same business location, are operated by the same personnel and/or are owned by the same individuals and are operated for a common business purpose and, therefore, comprise a joint "enterprise" under the Fair Labor Standards Act.  Upon information and belief, the Defendant Corporations "LLCs" were the FLSA employer and/or joint employer for the Plaintiff's respective period of employment ("the relevant time period"). The individual Defendants,

Robert Devineni and Sohani Suleman, are corporate officers  and/or owners of the Defendant Company "LLCs" who run the significant day-to-day operations of the Corporate Defendants for the relevant time period and were responsible for paying Plaintiff's wages for the relevant time period and/or sufficiently controlled Plaintiff's work for the relevant time period to be considered and deemed Plaintiff's employers under 29 U.S.C. 203(d).

4. All acts or omissions giving rise to this dispute took place in Dallas County.

### FEDERAL STATUTORY VIOLATION
### (OVERTIME WAGE VIOLATION)

5. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years and who were security guards employed by the Defendant from the date of filing this complaint back 3 years.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

8. The Plaintiff worked as a security guard for the Defendants.

9. Plaintiff worked for the Defendants from on or about October 10th, 2008 through on

or about October 15th, 2010.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that Plaintiff used or guarded or  handled or transported on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use or guard on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Defendants employ 2 or more employees on a regular basis for the relevant time period. The Defendant's business is a scrap metal business that regularly ships and/or receives scrap metal nationally or internationally for the relevant time period and the Defendant Company has offices outside of the United States as well.   The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Companies "LLCs"  has/had  gross sales or business done which exceeded $500,000 annually for the years 2007, 2008, 2009 and 2010.

12. Plaintiff worked an average of 70 hours per week and was paid an hourly rate of $15.00 per hour for each hour worked but was never paid overtime wages for any hours worked in excess of 40 hours weekly, as required by the Fair Labor Standards Act except for approximately the first 3 months for Plaintiff's employment.

13. Defendants willfully and intentionally refused to pay Plaintiff overtime wages as

required by the law of the United States and/or recklessly failed to investigate whether Plaintiff's payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages for the last three years of Plaintiff's employment as specified above. Defendants paid Plaintiff overtime for the first three months of Plaintiff's employment (approximately) then stopped doing so without explanation.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
 6310 LBJ Freeway, Suite 112
Dallas, Texas 75240
Tel: (972) 233-2264
Fax: (972) 386-7610

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840